UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SAMUEL ATKINSON,

    Plaintiff,    CIV. S-01-1186 DFL PAN

  v.

JO ANNE B. BARNHART,    Findings and Recommendation
Commissioner of Social
Security,

    Defendants.

—o0o—

    Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff disability and supplemental security income benefits.

    If the claimant meets eligibility requirements, the Commissioner bases his decision upon a five-step analysis. First, the claimant must not currently be working. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c).

Third, the medical evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the claimant can do his past work benefits are denied. 20 C.F.R. §§ 404.1520(e), 416.920(e). Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Plaintiff applied for benefits in July 1994 at age 43 years claiming disability since June 1991 due to "back and neck problems, hemophilia." Tr. 68. In March 1997 an administrative law judge found that plaintiff met the insured status requirement on June 11, 1991, and had not worked since then; that he has cervical disc disease, carpal tunnel syndrome and cerebrovascular disease, but does not meet or equal any listed impairment; that plaintiff cannot perform his past work as a warehouseman but retains the capacity for some light work and, based upon expert vocational evidence, found there are numerous jobs in the economy within plaintiff's capacity such as ticket taker and parking lot attendant and, thus, he is not disabled.

////

////

////

1      Rita B. Bermudez, M.D., examined plaintiff in July 1995
2 and concluded as follows:

>    His primary problem is electrical shock sensation
>    and pain in the neck which is worse with looking
>    down, upwards, or to the side.  Medical records
>    indicated that it was also felt that he had mild
>    right carpal tunnel syndrome.  EMG study dated
>    October 1, 1991 showed mild carpal tunnel syndrome
>    on the right and C7 radiculopathy on the left.
>    This patient should be restricted from any jobs
>    which require him to look upwards, downwards or to
>    the sides frequently or for sustained periods of
>    time.  Most of his work should be positioned in a
>    neutral plane.  He should be able to reach, on an
>    occasional basis.  He is able to handle, finger
>    and feel but should avoid repetitive typing,
>    keying or writing for extended periods of time.
>    [I]t is difficult to clinically substantiate
>    continued carpal tunnel syndrome. . . .  He is
>    able to bend occasionally, kneel occasionally,
>    squat occasionally.  He should be able to lift up
>    to 20 pounds occasionally and 10 pounds
>    frequently.  He should stay out of situations that
>    would put him at a potential risk for injury such
>    as working at heights, on ladders or scaffolds.
>    Tr. 237.

The administrative law judge found that plaintiff:

>    [R]etains the residual functional capacity to lift
>    and carry 20 pounds occasionally and 10 pounds
>    frequently.  He can occasionally squat, kneel, or
>    bend from the waist to the floor.  He should not
>    perform quick or repeated side-to-side movements
>    with his neck, overextend his neck, work at
>    unprotected heights or climb ladders or scaffolds.
>    He should not type, operate keyboards or write for
>    extended periods of time.  Tr. 21.

Based upon these limitations Keith Foster, a vocational expert, testified that plaintiff could work as a ticket taker or parking lot attendant.  Tr. 64.

Plaintiff argued in his first motion for summary judgment concerning the 1997 decision (and reiterates that argument with

3

regard to the decision reviewed herein) that the limitations Dr. Bermudez found upon plaintiff's capacity to reach frequently precluded such work.

The administrative law judge expressly rejected this finding by Dr. Bermudez as follows in the 1997 decision:

> I have not completely adopted the assessment of [Dr. Bermudez] and, in particular, have not adopted her opinion that the claimant can reach only occasionally and must perform most of his work positioned in a neutral plane. The reason for this determination is that the opinion is not well-supported by medical findings and the remainder of the medical record. Tr. 21.

This court found that rejection of part of Dr. Bermudez' assessment was error. Tr. 357.

First, the court concluded, the administrative law judge found that the rest of the medical evidence was unreliable for one reason or another and, thus, it is not legitimate to parse Dr. Bermudez' opinion upon the ground it is in part inconsistent with the discarded evidence. Second, another physician in fact came to the same conclusion. Third, having found that plaintiff suffered from cervical disc disease and carpal tunnel syndrome, it does not serve to question Dr. Bermudez' medical opinion that plaintiff should avoid exacerbating the symptoms by avoiding frequent reaching upon the ground that it is not "well-supported by medical findings." Tr. 357.

Accordingly, the court concluded that defendant's decision that plaintiff is not disabled because he can perform work requiring frequent reaching was not supported by substantial

4

evidence and proper legal analysis. The court reversed the decision and remanded the case to defendant for further proceedings.

On remand, the administrative law judge revised his findings about plaintiff's limitations as follows:

> [Plaintiff] has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently. He can occasionally squat, kneel or bend from the waist to the floor. He should not perform quick or repeated side-to-side movements with his neck, overextend his neck and most of his work should be positioned in a neutral plane. He can occasionally reach distant to his body. He cannot work at unprotected heights or climb ladders or scaffolds. He should not type, operate keyboards or write for extended periods of time. Tr. 303.

Then, based upon expert vocational evidence, the administrative law judge found that plaintiff retained the capacity to work as a security guard and surveillance system monitor, that those jobs were plentiful, and that he was not disabled. Tr. 302.

This court must uphold the Secretary's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Secretary's findings are supported by substantial evidence. Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987). The question is one of law. Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir. 1990). Substantial evidence means more than a mere scintilla, Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance. Bates v. Sullivan, 894 F.2d 1059,

5

1061 (9th Cir. 1990). It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Richardson</u>, 402 U.S. at 401. The court cannot affirm the Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Secretary's decision. <u>Gonzalez v. Sullivan</u>, 914 F.2d at 1200. If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence. <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

Plaintiff claims that, again, the administrative law judge erred in interpreting and applying the limitations Dr. Bermudez imposed.

Whereas Dr. Bermudez found plaintiff could not perform work that required him "to look upwards, downwards or to the sides frequently or for sustained periods of time," (Tr. 237) the administrative law judge assumed plaintiff could perform work that did not require "quick or repeated side-to-side movements with his neck." Tr. 301. And whereas Dr. Bermudez found that plaintiff was limited to occasional reaching (he "should be able to reach, on an occasional basis"), the administrative law judge found plaintiff was limited only in reaching "distant to his

6

body." Tr. 301.

The limitations imposed by Dr. Bermudez were consequent to a diagnosis of cervical disc disease and carpal tunnel syndrome, which defendant accepted. The limitation that plaintiff perform work only in "a neutral plane," which defendant plainly recognized, adequately addresses concern that he should not have to "look upwards, downwards or to the sides frequently or for sustained periods of time." (Tr. 237) (The assumed limitation that plaintiff never engage in "quick or repeated side-to-side movements with his neck" is not supported by the record.)

The administrative law judge explained that while Dr. Bermudez proscribed "reaching," he understood the relevant limitation was on "reaching distant from the body." He observed that the only medically determined cause for any such limitation was cervical disc disease and deduced that only reaching "distant from the body," for example, reaching to remove something from a shelf as compared with "reaching" to straighten a necktie, would place pressure on the cervical spine and was to be avoided.

This was a reasonable construction of the evidence and plaintiff has offered the court no basis for quarreling with it. The vocational expert's testimony, based upon the limitations defendant found impair plaintiff's capacity for work, provides ample support for defendant's conclusion that plaintiff can work as a security guard. See 42 U.S.C.§ 423(d)(2)(A) ("An individual shall be determined to be under a disability only if his physical

7

or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.")

  I recommend that the decision denying benefits be affirmed.

  Dated:  July 11, 2005.

<u>/s/ Peter A. Nowinski</u>
PETER A. NOWINSKI
Magistrate Judge
